PLAINTIFF
CAMERON MAYFIELD
-VS-
Defendant "In their Official Captoity
Correction Officer" McCoy
Correction Officer" Willet
Correction Officer Sgt Lowe
Putnamville Superintendant
A Stanley Knight, Superintendant"
B Brian OR Smith · Superintendant
Defendant
Ms Marrinda L Schoen RN
" Medicial Dept
Putnamville Medicial Dept
Putnamville I.D.O.C.

IN THE UNITED STATE DISTRICT COURT /Southern DIVISION - INDIANAPOILS

[FILED 15 DEC 14 PM 4:20 SOUTHERN DISTRICT OF INDIANA LAURA A. BRIGGS U.S. DISTRICT COURT INDIANAPOLIS DIVISION]

2:15-cv-0409 WTL-MJD

Prisoner Compliant 42-USC "1983

This is A ProSe Compliant for Damages- Pursuant to 42:USC:1983 Plaintiff claims that the Act & Noligent, Failure to Preform certain Duty the defendant Having Knowledge-Intention & Knowingly Allowed Plaintiff to Suffor Cnule & unusual Punishment, That Have Been Prevent. And Defendant Having Knowledge of Plaintiff- Pain/Sufferins didn't Act Professionall or WITH ANY Real Concern. Showing" & Because of either Act of unusual Treatment/ deliberate Indifference Nesligance of Their Legal duty- To Provide, Safety & Secure. Daily Housing- & Surrounding- Failed- while Working Having the Ability To Provent Such Dangerment willful allowed Such To Occured & while Plaintiff is Award of State of Indiana & Defendant Are In Full Custodian And Therefore Responsibe. Failed & Failed To Ensure Any Clear Embassment or Prevent Such
Jurisdiction Statement

This Hon. Court has Jurisdictional over the Subject Matter for the following reason:
1) Plaintiff has Exhausted all of His Administrative Remedies:
2) This Hon Court has Subject Matter Jurisdiction Pursuant to Indiana Trial Rule-75- And Article-1. Section-12-of the Ind Const
3) This Court May Hear Claims Under- 42-USC- 1983-
See] Maine V Thibototout -448-U.S.1- (1980)

2 (A)

## III Parties

1.) At all times relevant to this complaint the Plaintiff was a prisoner within the Indiana Dept. of Correction, Putnamville facility.

2.) The Indiana Dept. of Correction Putnamville Facility is a defendant to this action, and is sued in its personal capacity for compensatory and punitive damages.

3.) Superintendant Stanley Knight is a defendant, at all times relevant to this complaint he was employed as Superintendant of Putnamville Correctional facility. He is sued like Indiana Dept. of Correction, Putnamville facility.

4.) Corrections officer McCoy (first name unknown) is a defendant, at all times relevant to this complaint he was employed as a Corrections officer at Putnamville Correctional Facility. He is sued like Indiana Dept. of Correction Putnamville facility.

5.) Corrections Officer Willet (first name unknown) is a defendant, at all times relevant to the Complaint he was employed as a Corrections officer at Putnamville Correctional Facility. He is sued like Indiana Dept. of Correction, Putnamville facility.

## IV. General Factual Allegations

1.) At all times relevant to this complaint, defendants acted under the color of state law and deprived Plaintiff of his 5th, 8th, and 14th Amendment Rights within the United States Constitution which a reasonable person would have known.

2.) At all times relevant to this complaint, the defendants were cruel and unusual, indifferent to Plaintiff's needs and negligent in their duty to provide safety and security to the Plaintiff.

3
2C

Such actions were the approximate cause of the Plaintiff's injuries, of his permanent disfigurement, his needless pain and suffering and of his humiliation of enduring the ordeal he was subjected to. The Defendants owed the Plaintiff a duty of reasonable care, of safe and secure housing under IDOC policy 01-02-101 and Indiana Code 11-10-3-2 et al. The Defendants breached their duty and the breach proximately caused the Plaintiff's injuries.

## V. Actual Events - Plaintiff's Statement of Facts

On March 01, 2015 at approximately 05:40 AM Corrections Officer McCoy, whose regular assignment is Dorm 11 south, did knowingly allow Offender "John Doe" an offender not housed within this dorm, to enter the dorm, thereby breaking security, a clear violation of the facility's rules. Offender "John Doe" then proceeded to beat and batter me to the point that I had to have treatment outside the scope of services provided at the facility, I had to be transported to the emergency room for emergency care. Officer Willet, fully aware of this incident, did, then, allow Offender "John Doe" to exit the dorm without attempting to question or detain him. It was only at the insistence of Sgt. Lowe, supervisor of McCoy and Willet, that the offender initiating this action, "John Doe" was detained, questioned or given a report of conduct for the incident. I have a reasonable right to expect to be safe in my assigned housing unit. I am obviously not safe, do not feel safe. I have a permanent disfigurement to my face resulting from a deep laceration that occurred during the beating. I had to have multiple sutures at the emergency room to close. I was in severe pain for some time and suffer back pain and frequent headaches to date. These ~~system~~ symptoms were not evidenced before the violent attack and so therefore are obviously a result of the attack. Which I HAD to BE TRANSPORTED TO A OUTSIDE HOSPITAL IN MUIPITY HANCUFF- AND-WAIST CUFF CHAIN- LEG CUFF WHILE- OUTSIDE PERSON -SEEING ME- LAUGHING & POINTING AT ME AT the HOSPITAL LIKE- SOME CHAIN-UP CIRCUS AMINAL ON DISPLAY- I WAS SO- THREATEN & EMBARRMENT & MENTAL ASHAMED- BEING VIEW-SEEN All CHAIN -UP /CONT

④

3B) CONT FROM PREVIOUS PAGE( )

1) And guarded with C/O gun at their side I was addition chain to Hospital bedding - Addition Medical staff at Hospital force me to continual recalled the event Neither Sgt Lowe / or C/o Willet or C/o McCoy recovered the weapon which was (John Doe) Locker box lock / sackraw In fact both C/o McCoy & C/o Willet & Sgt Lowe had the opportunity to seized the evidence I didnt grab at that Chance Had either of the (3) it would been a-Addition Weapon Charge Instead of General Code (1.02) Then Sgt Lowe wrote a weak conduct charge against (John Doe) After talking to both C/o-McCoy & C/o Willet at the Hearing held against (John Doe) I try many time to get authority To afforded me his offender real name Neither Sgt Lowe / nur C/o McCoy or C/o Willet would assisted me nor IDOC when offender use a weapon Seriously Bodily Injury is established to outside charges thru the D.A - State Prosecutor can be filed I was stripped of that process.

(3B) the Real Fear that came Into My Life doily offender (John Doe) only Received -3-4 Days In Lock up, Fighting or assaulting with a Weapon required more than 3 dnd. then IDOC Authority at Hearing put Offender John Doe) Back on the Same Kids right behind me Inwhich sair (John Doe) Plain sight of me & easy evcassive I had to stop eating at AM Breakfast, grow eye in back of Hand Be On Daily Alert knowing that (John Doe) got to IsAR from (SES) Earliy than usual I Had to work In Fears Live on Alert In Fear Doily For 5-6 Month Till (John Doe) Finally Left or move this fear I never had made me mental demental stress & In Mental Pain when I try to Contact Medicial dept they Try to Cover up the Indicent by Not filling b Medicial Troport which is IDOC Manatory when Sought to Larened his identity which been a matter of record RN Nurse Ms MARRINDA L SCHOEN had or didnt file a Troport & sent me thru Mental Stress, Pain trying to confirmed (John Doe) Identity Officials to Cover up the attack It was Bad enough that RN was Unquarined

5

## Grievance Procedure

See Plaintiff's exhibits for proof of exhaustion of all administrative remedies

## VI Jury Demand

Plaintiff respectfully requests a trial by jury of all triable issues involved in this action. PLAINTIFF ALSO REQUEST SPEAR HEARING & ISSUEING OF SUBPOENA FOR DEFENDANT

x Cameron Mayfield
Plaintiff

## Verification

I, Cameron D. Mayfield, hereby affirm under the penalties for perjury that the above and foregoing representations are true and correct to the best of my knowledge and belief.

x Cameron Mayfield
plaintiff

## Affidavit of Service

I, Cameron D. Mayfield, hereby certify that on the 27 day of NOV, 2015 a true and correct copy of the foregoing Prisoner Complaint was served upon the following parties via first class, postage paid US mail, or by placing same in the Interfacility mail for service within.

Indiana Attorney General
Gregory Zoeller IGCS-5th floor
302 W. Washington St,
Indianapolis, IN 46204-2770

Putnamville Correctional facility
1946 W. US Hwy 40
Greencastle, IN. 46135

x Cameron Mayfield
Plaintiff