UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00409-WTL-MJD |
| ) | |
| MCCOY, *et al.* ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. The Complaint**

Plaintiff Cameron Mayfield, an inmate at Putnamville Correctional Facility, filed this civil action alleging that the defendants are liable to him because on March 1, 2015, Officer McCoy and Officer Willet allowed an offender to enter a dorm with the purpose of assaulting Mayfield with a lock. Mayfield was attacked and injured. Officer McCoy and Officer Willet allegedly failed to identify the attacker and delayed Mayfield's access to medical care for 25 minutes. Mr. Mayfield was then taken to the hospital for treatment. Mr. Mayfield fears that he will be targeted again because his attacker is housed in a nearby building. He seeks money damages and injunctive relief.

Mayfield names Officer McCoy, Officer Willet, Sgt. Lowe, Superintendent Stanley Knight, Superintendent Brian Smith, Nurse Marrinda L. Schoen, Putnamville Medical Department, and Putnamville IDOC as defendants. The complaint explicitly states that all of the claims are against the defendants in their official capacities such that they are sued like the Indiana Department of Corrections. See e.g., dkt. 1 at p. 2.

## II. Screening Requirement

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, the complaint is deficient because it does not named any "person" who is allegedly responsible for violating Mr. Mayfields' federally secured rights. An official capacity claim against the defendant individuals as employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d

668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983). Although, there are circumstances under which the plaintiff could seek prospective injunctive relief from an individual defendant in his official capacity, those circumstances are not present in this case because no ongoing violation of Mr. Mayfield's constitutionally protected rights could be identified given the facts alleged. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010)(J. Hamilton).

Given the failure to state a claim upon which relief may be granted, the complaint is **dismissed.**

### IV. Opportunity to File Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through February 29, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

The plaintiff is notified that if he intended to sue the State and its actors for negligence then such an action should be filed in state and not federal court.

Date: 2/8/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
178522
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135